**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00341-WJM-KMT

KANE F. JOHNSON, a minor, by and through his parents and legal guardians,
Kevin L. Johnson and Cheryl L. Johnson;
KEVIN L. JOHNSON, individually; and
CHERYL L. JOHNSON, individually,

       Plaintiffs,

v.

SETH BODENHAUSEN; and
VAIL SUMMIT RESORTS, INC., d/b/a BRECKENRIDGE SKI RESORT, INC.,

       Defendants.

     and

Civil Action No. 11-cv-01580-WJM-KMT

AUTO CLUB FAMILY INSURANCE COMPANY,

       Plaintiff,

v.

SETH BODENHAUSEN;
KANE F. JOHNSON, a minor, by and through his parents and legal guardians, Kevin L. Johnson and Cheryl L. Johnson;
KEVIN L. JOHNSON, individually; and
CHERYL L. JOHNSON, individually

       Defendants.

**ORDER**

This matter is before the Court on three pending motions in these two consolidated actions. In Civil Action No. 10-cv-00341, Defendant Vail Summit Resorts, Inc., d/b/a Breckenridge Ski Resort, Inc. ("Breckenridge") has filed a Motion to Dismiss Plaintiffs' Complaint for Failure to State a Cause of Action (ECF No. 18), to which Plaintiffs Kane F. Johnson, Kevin L. Johnson, and Cheryl L. Johnson ("the Johnsons") have filed a Response (ECF No. 20), and Breckenridge has filed a Reply (ECF No. 22). Both Breckenridge and the Johnsons have also filed Supplemental Briefs on the Motion to Dismiss. (ECF No. 75, 76.) In the same action, Civil Action No. 10-cv-00341, Breckenridge has also filed a Motion for Summary Judgment (ECF No. 63), to which the Johnsons have filed a Response (ECF No. 74), and Breckenridge has filed a Reply (ECF No. 79). In Civil Action No. 11-cv-01580, Plaintiff Auto Club Family Insurance Company ("ACFIC") has filed a Motion to Dismiss Johnson Defendants' Counterclaim for Coverage Against ACFIC under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 22), to which the Johnsons have filed a Response (ECF No. 24), and ACFIC has filed a Reply (ECF No. 29). All three motions are ripe for adjudication. For the following reasons, Breckenridge's Motion to Dismiss is GRANTED, Breckenridge's Motion for Summary Judgment is DENIED AS MOOT, and ACFIC's Motion to Dismiss is DENIED.

## I. PENDING MOTIONS IN CIVIL ACTION NO. 10-cv-00341

**A.     Breckenridge's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

**1.     Allegations of Johnsons' Complaint**

Civil Action No. 10-cv-00341 arises from a collision between two skiers that occurred at Breckenridge Ski Resort on March 19, 2009. (ECF No. 1, ¶ 6.) According

to the allegations of the Complaint, Plaintiff Kane F. Johnson, a nine-year-old child who was skiing with his father, was struck and injured by Defendant Seth Bodenhausen, a Breckenridge ski instructor.  (*Id.* ¶¶ 1, 6.)  Kane Johnson was allegedly skiing slowly and in a controlled manner at the time of the accident, and was readily visible to uphill skiers.  (*Id.* ¶¶ 6, 8.)  Bodenhausen was allegedly skiing unreasonably fast, approached Kane Johnson from uphill, and collided with him.  (*Id.* ¶¶ 6, 9.)

Kane Johnson and his parents, Kevin L. Johnson and Cheryl L. Johnson, filed this action on February 17, 2010, bringing a claim against Bodenhausen for negligence *per se* under the Colorado Ski Safety Act, Colo. Rev. Stat. § 33-44-102 *et seq.*  (*Id.* ¶¶ 7-15.)  The Johnsons also filed a claim against Breckenridge under the theory of *respondeat superior*, alleging that Bodenhausen was skiing within the course and scope of his employment at the time of the accident.  (*Id.* ¶ 16.)  The Court has putative subject matter jurisdiction over the action under 28 U.S.C. § 1332 (diversity jurisdiction).

**2.     Motion to Dismiss**

    **a.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted).

  **b.**  **Analysis**

Breckenridge's Motion to Dismiss[1] argues that the Johnsons' claim against it fails to state a claim because the Colorado Ski Safety Act, and in particular Colorado Revised Statute § 33-44-112, provides immunity to ski area operators for any injuries resulting from a collision between skiers. The Court's reading of the relevant statutory provisions, and review of case law interpreting those provisions, indicates that Breckenridge is correct.

Colorado Revised Statute § 33-44-112 provides, "Notwithstanding any judicial decision or any other law or statute to the contrary, . . . ***no skier may make any claim against or recover from any ski area operator for injury resulting from any of the inherent dangers and risks of skiing***" (emphasis added). Accepting the allegations of the Complaint as true, Kane Johnson was a "skier" under the statute at the time of the accident. *See* Colo. Rev. Stat. § 33-44-103(8) (defining "skier" as "any person using a ski area for the purpose of skiing . . . or for the purpose of using any of the facilities of the ski area, including but not limited to ski slopes and trails"). The Complaint also indicates that Breckenridge is a "ski area operator" under the statute, which the

---

[1] Defendant Bodenhausen has not moved to dismiss the Complaint or moved for summary judgment in this action.

4

Johnsons do not dispute in their Response to the Motion to Dismiss.  *See* Colo. Rev. Stat. § 33-44-103(7).  And in this action, Kane Johnson is attempting to "make [a] claim against [and] recover from [Breckenridge] for injury."

The crucial question, therefore, is whether Kane Johnson's injury "result[ed] from any of the inherent dangers and risks of skiing."  If it did, Breckenridge is immune from liability under section 33-44-112.  The statute specifically defines "inherent dangers and risks of skiing" as

> ***those dangers or conditions that are part of the sport of skiing, including*** changing weather conditions; snow conditions as they exist or may change, such as ice, hard pack, powder, packed powder, wind pack, corn, crust, slush, cut-up snow, and machine-made snow; surface or subsurface conditions such as bare spots, forest growth, rocks, stumps, streambeds, cliffs, extreme terrain, and trees, or other natural objects, and collisions with such natural objects; impact with lift towers, signs, posts, fences or enclosures, hydrants, water pipes, or other man-made structures and their components; variations in steepness or terrain, whether natural or as a result of slope design, snowmaking or grooming operations, including but not limited to roads, freestyle terrain, jumps, and catwalks or other terrain modifications; ***collisions with other skiers***; and the failure of skiers to ski within their own abilities.

Colo. Rev. Stat. § 33-44-103(3.5) (emphasis added).  Thus, the crucial question identified above – whether Kane Johnson's injury "resulted from any of the inherent dangers and risks of skiing" – can be logically and accurately restated, under the circumstances here, as whether Kane Johnson's injury resulted from a "collision[] with [an]other skier[]."  Accepting the Complaint's allegations as true, Bodenhausen was also a "skier" under the statute at the time of the accident, *see* Colo. Rev. Stat. § 33-44-103(8), and Kane Johnson's injuries resulted from the collision with Bodenhausen. Kane Johnson is attempting to "make a[] claim against or recover from [Breckenridge]

5

for injury resulting from" the collision with Bodenhausen.  Under the plain and clear language of these statutory provisions, Kane Johnson is statutorily barred from bringing this action against Breckenridge to recover for his injuries.  *See Neiberger v. Hawkins*, 70 F. Supp. 2d 1177, 1184 (D. Colo. 1999) ("In construing statutory provisions, a court should give effect to the intent of the legislature.  A court must look first to the statutory language itself, giving words and phrases their commonly accepted meaning.  Where the language of a statute is plain and the meaning is clear, a court need not resort to interpretive rules of statutory construction, but must apply the statute as written."); *Kumar v. Copper Mountain, Inc.*, No. 07-cv-02597, 2009 WL 4035612, at *5 (D. Colo. Nov. 19, 2009), *aff'd* 431 F. App'x 736 (10th Cir. 2011) ("Where a statute defines a term, that definition controls.").

     My colleague U.S. District Judge Lewis T. Babcock conducted the same statutory interpretation, and reached the same conclusion, in *Glover v. Vail Corp.*, 955 F. Supp. 105 (D. Colo. 1997).  In concluding his statutory analysis, Judge Babcock stated, "Although I am sympathetic to [the plaintiff's] plight, I am bound by the Act's plain language and cannot rewrite it in accordance with individual conceptions of prudent public policy."  *Id.* at 107.  Indeed, if the Colorado General Assembly intended or intends to create an exception for collisions caused by a ski area employee, it will need to amend the statute, which currently includes *any* skier-skier collision within the statutory bar.  In a one sentence decision, the Tenth Circuit Court of Appeals affirmed Judge Babcock's decision.  *See Glover v. Vail Corp.*, 137 F.3d 1444 (10th Cir. 1998) ("We AFFIRM the holding of the district court for substantially the same reasons discussed by

the district court in its published opinion.").

The Johnsons argue that a different provision in the statute – Colorado Revised Statute § 33-44-109(1) – trumps the immunity provided to ski area operators under section 33-44-112 here because Bodenhausen was also named as a defendant in this action. Colorado Revised Statute § 33-44-109(1) provides,

> Each skier solely has the responsibility for knowing the range of his own ability to negotiate any ski slope or trail and to ski within the limits of such ability. Each skier expressly accepts and assumes the risk of and all legal responsibility for any injury to person or property resulting from any of the inherent dangers and risks of skiing; ***except that a skier is not precluded under this article from suing another skier for any injury to person or property resulting from such other skier's acts or omissions***. Notwithstanding any provision of law or statute to the contrary, ***the risk of a skier/skier collision is neither an inherent risk nor a risk assumed by a skier in an action by one skier against another***.

(emphasis added). The Johnsons argue that a skier/skier collision is not an inherent risk or an assumed risk in any action between one skier and another, ***even as to*** claims brought in that action against a ski area operator. Thus, the Johnsons argue that here they have sued the offending skier, Bodenhausen, and so the collision was not an "inherent danger and risk of skiing" as to ***any*** of the claims in this action, including the claim against Breckenridge. The Johnsons distinguish *Glover* on this basis: in *Glover*, only the ski resort was sued, which did not bring section 33-44-109(1) into play, but here the offending skier was also sued which, the Johnsons argue, exposes Breckenridge to liability.

The Court disagrees. Section 33-44-109(1) discusses this exception wholly in the context of one skier's liability to another, and in no way indicates that section 33-44-

109(1) was meant to abrogate the immunity to ski area operators provided by section 33-44-112.  The idea that the immunity provided by 33-44-112 can so easily be avoided by simply making sure the injured skier sues both the offending skier and the ski area operator is irrational.  There is insufficient indication that the Colorado General Assembly intended this result by passing section 33-44-109(1).  *See Neiberger*, 70 F. Supp. 2d at 1184 ("In construing statutory provisions, a court should give effect to the intent of the legislature.").  Further, the clear and unambiguous language in section 33-44-112 creating immunity for ski area operators sufficiently indicates the General Assembly's intent to abrogate the doctrine of *respondeat superior* as it would apply to claims against ski area operators based on the negligence of their employees.

      The Johnsons also argue that policy concerns warrant retaining ski area operator liability based on the negligent acts of its employees, because ski area employees are often low-paid and would not be able to satisfy judgments against them.  However, many other skier-skier collisions undoubtedly involve offending skiers who do not have the financial capability to compensate the injured skiers for serious injuries.  This is the risk that skiers take by participating in what can at times be a dangerous sport.  *See* Colo. Rev. Stat. § 33-44-109(1) ("Each skier expressly accepts and assumes the risk of and all legal responsibility for any injury to person or property resulting from any of the inherent dangers and risks of skiing.").

      The Court grants Breckenridge's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).

### B. Breckenridge's Motion for Summary Judgment

Because the Court herein grants Breckenridge's Motion to Dismiss the Johnsons' sole claim against Breckenridge, Breckenridge's Motion for Summary Judgment on that claim – arguing that there is no triable issue as to whether Bodenhausen was acting within the scope of his employment at the time of the accident – is denied as moot. *See Home Life Ins. Co. v. Bd. of Cnty. Comm'rs of Arapahoe Cnty., Colo.*, 832 F. Supp. 309, 313 (D. Colo. 1993).

## II. ACFIC'S PENDING MOTION TO DISMISS IN CIVIL ACTION NO. 11-cv-01580

In Civil Action No. 11-cv-01580, ACFIC seeks a declaratory judgment that it has no duty to defend or indemnify Bodenhausen in Civil Action No. 10-cv-00341 ("the underlying action") based on a homeowners policy that ACFIC issued to Bodenhausen's parents, Brian and Lisa Bodenhausen ("the Parents"). (ECF No. 1.) ACFIC named Bodenhausen and the Johnsons as defendants in the declaratory judgment action. (*Id.*) In response, the Johnsons filed, *inter alia*, a counterclaim against ACFIC, alleging that ACFIC is required to provide liability coverage for the Johnsons' injuries. (ECF No. 12, at 10.)

ACFIC has now moved to dismiss the Johnsons' counterclaim, arguing that the Johnsons, as the injured party, have no standing to bring a claim against ACFIC pertaining to whether coverage exists under an insurance contract to which the Johnsons are not a party. (ECF No. 22.) The Johnsons respond that, where the insurer initiates a declaratory judgment and names the injured party as a defendant, the injured party may bring a counterclaim against the insurer. (ECF No. 24.)

9

ACFIC is correct that the Johnsons could not have initiated a declaratory judgment action against ACFIC.  *See Farmers Ins. Exch. v. Dist. Court*, 862 P.2d 944, 947-48 (Colo. 1993).  However, cases have taken a different view of an injured party's involvement in a declaratory judgment action where the insurer initiates the declaratory judgment action against the insured and the injured party.  For example, in *Constitution Associates v. New Hampshire Insurance Co.*, 930 P.2d 556 (Colo. 1996) (*en banc*), the court held that

> It was therefore proper for [the insurer] to name [the injured party] as a party defendant [in the declaratory judgment action] and, once joined, [the injured party] **may fully participate in the action**.  In the case before us, when [the insureds] failed to defend the [insurer's] motion for summary judgment, [the injured party] was entitled to do so. Hence, we conclude that [the injured party] . . . may defend an anticipatory declaratory judgment as long as the action is properly initiated by a party with a legally cognizable claim.

*Id.* at 562 (emphasis added).  In *American Family Mutual Insurance Co. v. Harris*, my colleague U.S. District Judge John L. Kane applied *Constitution Associates* in holding that an injured party has standing to pursue a counterclaim for declaratory relief in a declaratory judgment action initiated by an insurer against the insured and the injured party.  *See* No. 06-cv-02004, 2007 WL 2890132, at *2 (D. Colo. Sept. 27, 2007).

The Court agrees that the holding of *Constitution Associates* is properly extended to allow an injured party to bring a counterclaim for declaratory relief in a declaratory judgment action initiated by an insurer against its insured and the injured party.  Here, ACFIC brings claims against Bodenhausen and the Johnsons seeking a declaratory judgment that it does not have a duty to defend or imdemnify Bodenhausen in the

underlying action. The Johnsons' counterclaim is based on the identical issue, and takes the opposite position, that ACFIC does have a duty to defend and indemnify Bodenhausen. ACFIC has already initiated this case or controversy, putting the question of coverage directly at issue. The Johnsons "may fully participate" in this action by bringing a counterclaim on the same issue. *See Constitution Associates*, 930 P.2d at 562; *Harris*, 2007 WL 2890132, at *2.

ACFIC's Motion to Dismiss the Johnsons' counterclaim is therefore denied.

### III. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. In Civil Action No. 10-cv-00341, Defendant Vail Summit Resorts, Inc., d/b/a Breckenridge Ski Resort, Inc.'s Motion to Dismiss Plaintiffs' Complaint for Failure to State a Cause of Action (ECF No. 18) is GRANTED;

2. In Civil Action No. 10-cv-00341, Defendant Vail Summit Resorts, Inc., d/b/a Breckenridge Ski Resort, Inc.'s Motion for Summary Judgment (ECF No. 63) is DENIED AS MOOT; and

3. In Civil Action No. 11-cv-01580, Plaintiff Auto Club Family Insurance Company's Motion to Dismiss Johnson Defendants' Counterclaim for Coverage (ECF No. 22) is DENIED.

Dated this 19th day of December, 2011.

BY THE COURT:

William J. Martinez
United States District Judge

12